UNITED STATES of America, Plaintiff–Appellee,

v.

Melecio ESCOBEDO–LEDEZMA, Defendant–Appellant.

No. 10–30316.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2011.*

Filed July 15, 2011.

Gregory M. Shogren, Esquire, Assistant U.S., USYA–Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

FPD, Esquire, FPDWA–Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, Rebecca Louise Pennell, Esquire, Assistant Federal Public Defender, FDWAID–Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

MEMORANDUM **

Melecio Escobedo–Ledezma appeals from the 24–month sentence imposed following his guilty-plea conviction for being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Escobedo–Ledezma contends that the district court procedurally erred by violating his constitutional right to due process and Rule 32(i)(1)(C) of the Federal Rules of Criminal Procedure, when it relied on its own undisclosed sentencing chart as an aid in determining his sentence. Escobedo–Ledezma fails to establish that there was plain error affecting his substantial rights, as he cannot show a reasonable probability that he would have received a different sentence had the court disclosed the sentencing chart. *See United States v. Dallman*, 533 F.3d 755, 761–62 (9th Cir. 2008); *see also United States v. Warr*, 530 F.3d 1152, 1163 (9th Cir.2008). The sentence below the Guidelines range is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.